USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 2, 2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MARK GONZALEZ, and
MICHAEL KELLEHER,

*Defendants.*

**Protective Order**

**21 Cr. 288 (VM)**

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (1) affects the privacy and confidentiality of individuals and entities; (2) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; and (3) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Sensitive Disclosure Material.** Certain of the Government's disclosure material, referred to herein as "Sensitive Disclosure Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will

be subject to risk of harm absent the protective considerations set forth herein. Materials to be produced by the Government and which contain Sensitive Disclosure Material may be designated as "Sensitive Disclosure Material" by the Government and conspicuously marked as such, either by marking the materials themselves; the file names of the materials; or the folders containing the materials, with the words "Sensitive Disclosure Material." The Government's designation of material as Sensitive Disclosure Material will be controlling absent contrary order of the Court.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for substantial redaction. It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

**Accordingly it is hereby Ordered:**

5. Disclosure material shall not be disclosed by the defendants or defense counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material or Sensitive Disclosure Material on any Internet site or network site[1] to which persons other than the parties hereto have access, and shall not disclose any disclosure material to the media or any third party except as set forth below.

---

[1] This does not prohibit counsel for any defendant from using secure private web services, such as "Dropbox," to store disclosure material or Sensitive Disclosure Material, provided that the only people with access to such services are those authorized herein to receive disclosure material or Sensitive Disclosure Material, or to transfer such material to such authorized recipients.

6. Disclosure material that is not Sensitive Disclosure Material may be disclosed by counsel to: (a) the defendants for purposes of defending this action, (b) personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; or (c) prospective witnesses for purposes of defending this action.

7. Sensitive Disclosure Material may be disclosed by counsel to defendants and to personnel for whose conduct counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defepnding this action; however, Sensitive Disclosure Material shall be kept in the sole possession of counsel or personnel for whose conduct counsel is responsible; shall not be reviewed or maintained by the defendant outside the presence of counsel or personnel for whose conduct counsel is responsible (except when a defendant is reviewing Sensitive Disclosure Material at counsel's office); and shall not be copied or otherwise recorded by the defendants.

8. The Government may authorize, in writing, disclosure of disclosure material and Sensitive Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

9. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, Sensitive Disclosure Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

10. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation, including from various cell phones belonging to, among others, the defendants. This Order places no restriction on a defendant's use or disclosure, or the use or disclosure by that defendant's counsel, of ESI that originally belonged to the defendant.

**Return or Destruction of Material**

11. Except for disclosure material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all disclosure material, including the seized ESI disclosure material, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject to defense counsel's obligation to retain client files under the Rules of Professional Conduct. This provision does not apply to any disclosure material or ESI that belongs to the defendant.

12. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed disclosure material or the Government's ESI production. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney
Southern District of New York

by: *Michael R Herman*              Date: 5/26/2021
Michael R. Herman
Assistant United States Attorney


_____              Date: _____
Steven Goldman, Esq.
Counsel for Mark Gonzalez

*John Buza*                         Date: June 1, 2021
John Buza, Esq.
Counsel for Michael Kelleher


SO ORDERED:

Dated: New York, New York
~~May ___, 2021~~
2 June 2021

_____
Victor Marrero
U.S.D.J.

5

**Retention of Jurisdiction**

13. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    AUDREY STRAUSS
    United States Attorney
    Southern District of New York

by: _/s/ Michael R Herman_             Date: 5/26/2021
    Michael R. Herman
    Assistant United States Attorney

_[signature]_             Date: 5/26/21
Steven Goldman, Esq.
Counsel for Mark Gonzalez

             Date: _____
John Buza, Esq.
Counsel for Michael Kelleher

SO ORDERED:

Dated: New York, New York
     ~~May ___, 2021~~
     2 June 2021

             _[signature]_
             Victor Marrero
             U.S.D.J.