LAW OFFICES OF
# ROBERT J. DeGROOT
Attorneys At Law

Robert J. DeGroot
NJ Bar #282351972
NY Bar #2921633

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: June 14, 2021

June 1

Hon. Victor Marrero, U.S.D.C.J. (Senior)
50 Walnut St.
Newark, N.J. 07102

    Re:   United States v. Mark Gonzales
           1:21-cr-00288-VM-1

Dear Judge Marrero:

    This firm represents the Defendant in the above captioned matter. The Defendant moves pursuant to the Bail Reform Act of 18 U.S.C. ¶3141, et. seq., for release on personal recognizance. Alternatively, if this Court is not amendable to releasing the Defendant on personal recognizance, the Defendant moves this court to release the Defendant into the third person custody of his fiancé or a different designated individual, and commit him to pretrial supervision with GPS monitoring by local Pretrial Services. If the court chooses the latter option, the Defendant requests to be placed on house detention with reasonable curfew privileges that allow him to visit his attorney.

1

## Background

Mr. Gonzales is a forty-three-year-old male without any record of criminal convictions.[1] He has a record of employment and being a productive member of society. Gonzales is a father of an eighteen-year-old young man, Anthony, who he helped raised and still assists financially. Mr. Gonzales has never travelled outside of the United States and has substantial ties to the State of New York, borough of the Bronx.

Mr. Gonzales was born in the Bronx and attended one year of Monsignor Scanlan High School and two years of Lehman High School. Mr. Gonzales left high school after his third year and began to work for Dr. Jay's, a clothing retailer, first at its 34th St. store and then at the Steinway Street store. After three years of working at Dr. Jays (approximately from 1995 to 1998), he began to work at the Shannon Building for one year as a mail room clerk (1999 to 2000).

Mr. Gonzales then relocated to North Carolina with his girlfriend. He worked for Party City for approximately one year and then for TM Finishing, a painting company, from 2000-2011. His tasks included painting, wood finishing, coloring. During this time, in 2003, Mr. Gonzales's son, Anthony, was born. In 2012-2013, Mr. Gonzales moved back to New York and worked for

---

[1] It is believed he has two previous contacts or arrests.

Triboro Painting for 1.5 years. He then worked for another company as a cabinet builder/finisher between 2014-2015. Mr. Gonzales worked for Fedex as a Delivery driver from 2015 until he was laid off in 2016. After Mr. Gonzales was laid off, he began to work full time in e-commerce (he was previously working part time to supplement his income). Mr. Gonzales would primarily sell toys and sneakers on the internet or the secondary market.

Today, Mr. Gonzales is a resident of the Bronx, N.Y., and he is engaged to Yahaira Rodriguez. Mr. Gonzales suffers from diabetes and high blood pressure. He takes metformin to treat his diabetes and other medication for his kidneys. Mr. Gonzales suffers from addictive illness to Percocet. He began using on or about 2016-2017 and entered intensive outpatient therapy in 2017 with the Fortune Society. He has relapsed but through his pretrial incarceration, he has detoxed.

Mr. Gonzales's friends and family have submitted character letters to the court showing that he is a good person and compassionate person (See Exhibit 1).

Yahaira Rodriguez is the Defendant's fiancé. They have resided together for four-years and he co-parents her fifteen year old daughter. She describes him as a loving man and father. She notes that he provides financial support for his biological

3

son and each summer, welcomes him into the home for parental time. She describes him as a caring and compassionate individual willing to help those in need.

Anthony Gonzales is the Defendant's son and describes him as caring, compassionate, and attentive. He notes that the Defendant talks with him for hours and provides both emotional and financial support.

Eric Gonzales is the Defendant's brother. He describes the Defendant as caring, attentive and nurturing to his family and friends. He describes Mr. Gonzales as a great father and brother.

Brian Gonzales is the Defendant's brother. He describes him as compassionate and caring, always willing to help individuals by giving them transportation and rides.

Brian Cardona, the Defendant's friend for seven years, states that the Defendant has put his mother and son first. He describes the Defendant as having taken him to a hospital for rehab after everyone had "turned their backs" on him. He attributes his sobriety to the Defendant's support.

Sylvia Ochoa states that the Defendant is a "great" person who is kind and compassionate to his fiancé's daughter. She describes him as attentive and from a tight knit family.

4

Devin Camacho, the Defendant's mother's neighbor, describes the Defendant as always willing to help him with transportation and giving random acts of kindness.

Robert DeFabbia, the Defendant's friend, states that the Defendant is reliable, trustworthy and a good person. He describes him as going to upstate New York and waiting for hours to get Mr. DeFabbia's son sneakers for Christmas.

Wendee Finkelstein, the Defendant's friend, notes that when she was diagnosed with Covid, he would frequently check on her to ensure she was doing well.

Kevin Sanchez, the Defendant's friend, describes the Defendant as a family man. He notes that his children view him as an uncle. He notes that the Defendant took his son for his first haircut.

Erica Rodriguez, the Defendant's fiancé's sister, describes the Defendant as compassionate and caring. She describes the compassion he shows for her bedbound father. She describes the doting affection he shows to her three year old daughter. Like other individuals, she describes him as gentle and soft spoken.

Ms. Rodriguez's husband, Willie De La Cruz, also describes the Defendant as attentive and caring.

**Charges**

Mr. Gonzales is charged by way of a two-count Indictment with the following offenses:

> (1)- conspiring to violate 21 U.S.C. 841 (a)(1), 841 (b)(1)(A) by possession with intent to distribute 400 grams or more of CDS with a detectable amount of fentanyl.[2]
>
> (2)- Possession of a firearm in furtherance of drug conspiracy in violation of 18 U.S.C. 924 (c)(1)(A)(i) and 2.[3]

---

[2] The statutory minimum for this offense is ten years.
[3] The statutory minimum for this offense is five years.

6

## **LEGAL ARGUMENT**

### **The Defendant does not pose a danger to the community and he is not a flight risk. He should be released under pretrial supervision.**

The Defendant's good character, as exhibited by numerous character letters and a history of a law abiding life, demonstrate that he does not pose a danger to the community. His extensive ties to the Bronx and never leaving the United States show that he is not a flight risk. The Defendant has presented a bail package, including seven individuals eager to execute a recognizance bond to ensure the Defendant's release.

Under the Bail Reform Act ("the Act"), 18 U.S.C. §§ 3142, et. seq., the Court may: (1) release the Defendant on personal recognizance; (2) release the Defendant on pretrial conditions; (3) temporarily order the Defendant's detention; (4) order pretrial detention. 18 U.S.C. §3142(a).

The Court "shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court, subject to the condition that the person not commit a Federal, State, or local crime during the period of release… unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. §3142(b).

If the Court determines that personal recognizance will not assure community safety or the Defendant's appearance in court proceedings, it must then consider whether other conditions can assure community safety or his appearance. These conditions are:

> (1) Defendant shall not commit a Federal, State, or local crime during the period of release and subject to the condition that the person cooperate in the collection of a DNA sample;

> (2) "subject to the least restrictive further condition, or combination of conditions, that such judicial officer determines will reasonably assure the appearance of the person as required and the safety of any other person and the community, which may include the condition that the person—"

8

(i) remain in the custody of a designated person, who agrees to assume supervision and to report any violation of a release condition to the court, if the designated person is able reasonably to assure the judicial officer that the person will appear as required and will not pose a danger to the safety of any other person or the community;

(ii) maintain employment, or, if unemployed, actively seek employment;

(iii) maintain or commence an educational program;

(iv) abide by specified restrictions on personal associations, place of abode, or travel;

(v) avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense;

(vi) report on a regular basis to a designated law enforcement agency, pretrial services agency, or other agency;

(vii) comply with a specified curfew;

(viii) refrain from possessing a firearm, destructive device, or other dangerous weapon;

(ix) refrain from excessive use of alcohol, or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802), without a prescription by a licensed medical practitioner;

(x) undergo available medical, psychological, or psychiatric treatment, including treatment for drug or alcohol dependency, and remain in a specified institution if required for that purpose;

(xi) execute an agreement to forfeit upon failing to appear as required, property of a sufficient unencumbered value, including money, as is reasonably necessary to assure the appearance of the person as required, and shall provide the court with proof of ownership and the value of

9

> the property along with information regarding existing encumbrances as the judicial office may require;
>
> (xii) execute a bail bond with solvent sureties; who will execute an agreement to forfeit in such amount as is reasonably necessary to assure appearance of the person as required and shall provide the court with information regarding the value of the assets and liabilities of the surety if other than an approved surety and the nature and extent of encumbrances against the surety's property; such surety shall have a net worth which shall have sufficient unencumbered value to pay the amount of the bail bond;
>
> (xiii) return to custody for specified hours following release for employment, schooling, or other limited purposes; and
>
> (xiv) satisfy any other condition that is reasonably necessary to assure the appearance of the person as required and to assure the safety of any other person and the community.

18 U.S.C. §3142 (c)(B).

The Act provides that if the Court finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order detention of the person before trial." 18 U.S.C. §§ 3142(e)(1), (f)(2)(g).

However,

> "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable

>cause to believe that the person committed—an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46 [46 USCS § 70501 et seq.]; an offense under section 924(c), 956(a), or 2332b of this title [18 USCS § 924(c), 956(a), or 2332b].

18 U.S.C. §3142 (e)(3)(B).

In considering whether there are conditions of release which can assure the community's safety and the Defendant's appearance, the court may consider:

>(1) the nature and circumstances of the offense charged…
>
>(2) the weight of the evidence against the person;
>
>(3) the history and characteristics of the person, including—
>
>>(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>>(B) whether, at the time of the current offense or arrest, the person was on probation, on

> parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. §3142 (g) (1).

Even with a rebuttable presumption applying, the government still has the burden of persuasion to show by clear and convincing evidence that the Defendant is a danger to the community or a flight risk. United States v. Chimurenga, 760 F.2d 400, 405 (2d Cir. 1985). "To find danger to the community under this standard of proof requires that the evidence support such a conclusion with a high degree of certainty." Id. "Even when the statutory presumption applies, however, 'the government retains the burden of proving dangerousness by clear and convincing evidence.'" United States v. Tucker, 2006 U.S. Dist. LEXIS 114104 *5 (N.D.N.Y. 2005) (quoting United States v. Rodriguez, 950 F.2d 85, 88 (2d Cir. 1991).

> Although the government retains the burden of persuasion, a defendant must introduce some evidence contrary to the presumed fact in order to rebut the presumption. Martir, 782 F.2d at 1144. Once a defendant introduces rebuttal evidence, the

12

>           presumption, rather than disappearing altogether,
>           continues to be weighed along with other factors to be
>           considered when deciding whether to release a
>           defendant. Id.; see also United States v. Jessup, 757
>           F.2d 378, 382-83 (1st Cir. 1985).

Id. at 88.

In this matter, an analysis of the statutory factors shows that the Defendant has rebutted the presumption of detention. This analysis also shows that the Defendant is not a threat to the community or a flight risk. The Defendant does not have any criminal convictions and there is no history of violent crime. The Defendant is a life-long Bronx resident with family, including his fiancé, residing in the Bronx and New York City. The Defendant is forty-three years old with substantial ties to the community. He is engaged and has immediate family residing in the tri-state area. The Defendant has a history of substance abuse, but the pretrial detention to date has resulted in full detox. The Defendant suffers from diabetes and high blood pressure that requires treatment. The Defendant's health problems and ties to the community preclude him from absconding. Prong three of 18 U.S.C. §3142 (g) (1) clearly favors this court finding that the Defendant is not a flight risk.

Prong Four also favors release. There are no specific individuals who would face danger if the Defendant is released. The Defendant is a humble, good hearted individual without a history of violence. Numerous family and friends note that the

13

Defendant is soft spoken, gentle and reserved. The Defendant, if released, would also agree to receive any necessary treatment for substance abuse. The Defendant's friends and family, who are respected members of the community, vouch for his character and integrity.

Prongs One and Two require the analysis of the circumstances behind the offense and the strength of proofs. The Defendant is not in possession of discovery, so this analysis is severely limited. However, it is believed the accusations related to weapon possession do not involve the weapon being on his person, but rather on the ~~[redacted]~~ person. It is believed that the government did not recover 400 grams or more of substances containing fentanyl from the Defendant. Rather, the amount is based on the assertions of the ~~[redacted]~~. Evidence of criminality proffered by cooperating witnesses is notoriously unreliable (whether simply inaccurate or inflated).

According to Northeastern University Law School's Center on Wrongful Convictions, "45.9 percent of documented wrongful capital convictions have been traced to false informant testimony…" making informant testimony the leading cause for wrongful conviction in U.S. Capital cases. Alexandra Natapoff, *Comment: The Faces of Wrongful Conviction Symposium: Beyond Unreliable: How Snitches Contribute to Wrongful Convictions*, 37

14

Golden Gate U.L. Rev. 107 (2006). "Among the 2130 exonerations registered by the University of Michigan, 1205 involved perjury or false accusations, though not all of these involved prosecutorial incentives, and most involved other factors as well." Christopher T. Robertson and D. Alex Winkelman, *Article: Incentives, Lies and Disclosure*, 20 U. Pa. J. Const. L. 33, 106 (2017).

Apparently, the proofs in this matter are of the type least reliable and by an individual with the incentive to "compose" rather than "sing."

**Conclusion**

For the foregoing reasons, the Defendant requests pretrial release.

Respectfully submitted,

Robert J. De Groot, Esq.
Oleg Nekritin, Esq.

cc: Michael Herman, A.U.S.A.

Robert J. De Groot, Esq.
60 Park Pl.
Newark, N.J. 07102
Attorney for Defendant
(973) 643-1930

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

```
-------------------------------x
UNITED STATES OF AMERICA,       :
                                :   1:21-cr-00288-VM-1
          Plaintiff,            :
                                :   NOTICE OF MOTION FOR
Vs.                             :   PRETRIAL RELEASE
                                :
MARK GONZALES,                  :
                                :
          Defendant.            :
                                :
-------------------------------x
```

ON NOTICE TO:

Michael Herman, A.U.S.A.
500 Pearl St.
New York, N.Y. 10007

PLEASE TAKE NOTICE that on a date set by the Court, the Defendant shall apply for an order for pretrial release.

PLEASE TAKE FURTHER NOTICE that the Defendant submits herewith a legal brief in support of the within motion.

_____
Robert J. DeGroot, Esq.
60 Park Pl.
Newark, N.J. 07102

Date: 6/10/21

> Defense counsel is directed to make any application for bail before the Magistrate Court.
>
> SO ORDERED.
> June 14, 2021
> DATE    VICTOR MARRERO, U.S.D.J.