```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,          :
                                   :           21 CR 288 (VM)
          -against-                :        DECISION AND ORDER
                                   :
MARK GONZALEZ,                     :
                                   :
                    Defendant.     :
----------------------------------X
```

**VICTOR MARRERO, U.S.D.J.:**

On May 3, 2021, Mark Gonzalez ("Gonzalez") was indicted on one count of conspiring to distribute and possess with intent to distribute 400 grams and more of fentanyl ("Count One"); one count of knowingly using and carrying a firearm in furtherance of the drug trafficking offense ("Count Two"); and one count of intentionally and knowingly distributing and possessing with intent to distribute mixtures and substances containing a detectable amount of fentanyl ("Count Three"). (See "Indictment," Dkt. No. 2.) A ten-day jury trial of this case is scheduled to begin on October 3, 2022. On July 29, 2022, the Court received Gonzalez's omnibus pretrial motion, seeking dismissal of count two of the indictment and certain discovery-related relief. (See "Motion," Dkt. No. 70.) On August 2, 2022, the Government responded expressing its

opposition to the Motion.[1] (See "Opposition," Dkt. No. 74.) For the reasons stated herein, the Motion is denied.

## I. BACKGROUND AND PROCEDURAL HISTORY[2]

On May 3, 2021, Gonzalez and co-defendant Michael Kelleher ("Kelleher") were indicted on Indictment 21 Crim. 288. (See Indictment.) As relevant to the instant Motion, Count Two reads:

> On or about January 19, 2021, in the Southern District of New York and elsewhere, MARK GONZALEZ and MICHAEL KELLEHER, the defendants, during and in relation to a drug trafficking crime for which they may be prosecuted in a court of the United States, namely, the narcotics conspiracy charged in Count One of this Indictment, knowingly did use and carry a firearm, and, in furtherance of such crime, did possess a firearm, and did aid and abet the same.

(Indictment at 2.) This alleged offense is a violation of 18 U.S.C. Sections 924(c)(1)(A)(i) ("Section 924(c)") and 2.

Gonzalez was arrested on May 20, 2021 and was arraigned before Magistrate Judge Lehrburger the following day. Gonzalez entered a plea of not guilty and was ordered detained on consent without prejudice. He appeared before this Court on June 4, 2021 for an initial conference in which the Court informed the Government, and the Government confirmed its understanding, of its discovery obligations under Brady v.

---

[1] The parties informed the Court via email, on August 13, 2022, that Gonzalez would not be filing a reply and the motion was fully briefed.
[2] This background is drawn from the public filings in this case. Unless specifically quoted, no further citations to the docket will be included.

2

Maryland, 373 U.S. 83 (1963), and its progeny. The Court also entered a written Order pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure detailing those obligations. (See "Rule 5(f) Order," Dkt. No. 19.)

The Court scheduled a December 3, 2021 conference to discuss possible motions, but before that conference occurred, Gonzalez informed the Court that he wished to terminate his relationship with his attorney and be appointed counsel pursuant to the Criminal Justice Act ("CJA"). The Court held the December 3 status conference and granted the substitution of counsel request, delaying any potential pre-trial motions. On January 21, 2022, Gonzalez's new CJA counsel informed the Court that she did not anticipate any defense motions. Gonzalez subsequently retained a new attorney following a breakdown of Gonzalez's attorney-client relationship with CJA counsel, but his relationship with his retained counsel also suffered a breakdown. On June 13, 2022, the Court held a hearing pursuant to Missouri v. Frye, 566 U.S. 134 (2012), granted the substitution of counsel, and notified Gonzalez that it would not grant any subsequent motions to substitute counsel.

On July 29, 2022, Gonzalez filed the instant Motion. He seeks (1) dismissal of Count Two of the Indictment, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(v) ("Rule

3

12(b)(3)(B)(v)"), for failure to state an offense; (2) for the Government to be compelled to review all its discovery for, and produce, Brady material; (3) that the Government be required to promptly disclose and identify any intention to use prior or other conduct at trial; (4) that the Court order the Government to preserve all investigative notes and draft reports; and (5) for leave to file additional motions if necessary.

The Government opposed the motion because it believes the Indictment sufficiently stated an offense under Section 924(c) and all discovery motions are either moot given the Rule 5(f) Order, premature as to the evidence the Government intends to bring at trial, or the motions should be denied because they do not comply with Local Criminal Rule 16.1, which requires a party to confer with opposing counsel before moving for discovery-related relief. The Government did not oppose the motion for leave to bring additional motions, stating that the "Court can address any additional motions--and their timeliness--if and when defendant makes them." (Opposition at 18.)

## II.  LEGAL STANDARD

The Federal Rules of Criminal Procedure require an indictment to be "a plain, concise, and definite written statement of the essential facts constitution the offense

4

charge and must be signed by an attorney for the government." Fed. R. Crim. P. 7(c)(1) ("Rule 7"). The Second Circuit has expanded on the statutory guidance, noting that an indictment "is sufficient when it charges a crime with sufficient precision to inform the defendant of the charges he must meet and with enough detail that he may plead double jeopardy in a future prosecution based on the same set of events." United States v. Vilar, 729 F.3d 62, 80 (2d Cir. 2013) (quoting United States v. Yannotti, 541 F.3d 112, 127 (2d Cir. 2008)). The requirements for an indictment's content are not onerous: "an indictment need do little more than to track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Yannotti, 541 F.3d at 127 (quoting United States v. Alfonso, 143 F.3d 772, 776 (2d Cir. 1998)).

Rule 12(b)(3)(B)(v) allows a defendant to move for dismissal for failure to state an offense in recognition of the fact that "federal crimes are 'solely creatures of statute'" so the crime alleged must fall "within the terms of the applicable statute." United States v. Aleynikov, 676 F.3d 71, 75-76 (2d Cir. 2012) (quoting Dowling v. United States, 473 U.S. 207, 213 (1985)). A defendant must meet a "high standard" in seeking dismissal under Rule 12(b)(3)(B)(v), and in evaluating such a motion, the Court must not "look beyond

the face of the indictment and draw inferences as to proof to be adduced at trial, for the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." United States v. Pham, No. 12 Crim. 423, 2022 WL 993119, at *3 (S.D.N.Y. Apr. 1, 2022) (quotations omitted).

### III. DISCUSSION

A.  Motion to Dismiss Count Two

Gonzalez argues that the Indictment failed to state a violation of Section 924(c). Section 924(c) states, "[A]ny person who, during and in relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm" shall be subject to additional punishment in addition to the punishment for the underlying crime. 18 U.S.C. § 924(c)(1)(A). Gonzalez argues the Indictment is insufficient because, in short, the Government's evidence suggests that Kelleher and not Gonzalez was connected to the gun. (See Motion at 14-28.)

But as Gonzalez cites, "the sufficiency of the evidence is not appropriately addressed on a pretrial motion to dismiss an indictment." (Motion at 20 (quoting Alfonso, 143 F.3d at 776-77).) Gonzalez argues the exception to this rule applies because the Government "has made a full proffer of the

6

evidence it intends to present." (Id.) In support of this statement, Gonzalez cites the Government's submissions in opposition to Gonzalez's motion to reopen detention hearings.[3] However, that exception is "extraordinarily narrow," United States v. Sampson, 898 F.3d 270, 282 (2d Cir. 2018), and the Court cannot determine whether the Government's prior submissions constitute the "full proffer of the evidence" it intends to present, as the Government is under no obligation to reveal all evidence to the Court prior to trial. It would be inappropriate, and possibly offensive to "the inviolable function of the jury," for the Court to dismiss Count Two "on the basis of predictions as to what the trial evidence will be." Sampson, 898 F.3d at 281, 285 (quotations omitted).

The Court is bound to look only at the face of the Indictment at this stage in the prosecution, and the Indictment need only "track the language of the statute charged and state the time and place (in approximate terms) of the alleged crime." Vilar, 729 F.3d at 80 (quotations omitted). A comparison of the Indictment and Section 924(c), both quoted above, shows that the Indictment does

---

[3] Though the Court referred the motion to reopen detention hearings to the magistrate court (see Dkt. No. 56), due to the multiple changes of counsel, the motion has not yet been decided. Gonzalez now concedes that he "plainly does not meet the standard necessary to reopen a detention hearing." (Motion at 20 n.8). Accordingly, the Court will deny the motion to reopen the detention hearings.

7

sufficiently (1) track the statute and inform Gonzalez of the charges against him, and (2) state the approximate time and location of the offense. Gonzalez can read the Indictment and know the crime he is charged with the conduct that led to that charge. He would be able to plead double jeopardy if he was ever charged with a Section 924(c) offense for conduct in the Southern District of New York on or about January 19, 2021. That review is enough to satisfy Rule 7 and to withstand a motion to dismiss. The Motion to dismiss Count Two of the Indictment is DENIED.

B.   Discovery Motions

Gonzalez next moves the Court to compel the Government to review all its Rule 16 discovery for Brady material and produce any such material. On June 4, 2021, the Court entered the Rule 5(f) Order pursuant to Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (Oct. 21, 2020) "to confirm the Government's disclosure obligations under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, and to summarize the possible consequences of violating those obligations." (Rule 5(f) Order at 1.) The Rule 5(f) Order noted that the Government must produce any evidence that may be favorable to Gonzalez. Thus, the Court has already ordered the Government to comply with its Brady obligations. The Government has

confirmed its understanding of these obligations and attested to its compliance with the Rule 5(f) Order and Brady. (See Opposition at 15.) Gonzalez has not provided any evidence, beyond speculation and unsupported conjecture, that the Government has not complied with its obligations. Thus, the Court will deny the motion for production. See United States v. Ikoli, No. 16 Crim. 148, 2017 WL 396681, at *3 (S.D.N.Y. Jan. 26, 2017) (denying a motion for production of Brady and Giglio material where the Government affirmed its compliance). The Court is persuaded the Government will timely produce any evidence favorable to the defense, but Gonzalez may always renew this Motion if he learns otherwise.

Next, Gonzalez asked the Court to compel the Government to produce material relating to any trial witnesses to aid in the impeachment of those witnesses, pursuant to Giglio v. United States, 405 U.S. 150 (1972). As other Courts in this District have found when weighing similar requests, this motion is premature. See United States v. Segovia-Landa, No. 20 Crim. 287, 2021 WL 1966177, at *5 (S.D.N.Y. May 17, 2021) (collecting cases). The Government confirmed that it will produce this material in advance of trial, and, again, Gonzalez may renew this motion if the Government has failed to do so "before it is too late for him to make beneficial use of [the material] at trial," though the Court notes that

9

the usual date for disclosure in this District is at least one day before the witness is called to testify. United States v. Trippe, 171 F. Supp. 2d 230, 237–38 (S.D.N.Y. 2001).

The Court will similarly deny Gonzalez's motion to compel the Government to require its agents to preserve all rough notes of investigation and draft reports and turn them over to the Court for review. Reports and memoranda created by government agents are generally exempt from discovery. See Fed. R. Crim. P. 16(b)(2) advisory committee's notes to 1966 amendment. These reports, of course, may be subject to disclosure under Brady or Giglio, and the Court has already established the Government is aware of its obligations under those doctrines. The Court sees no reason, nor does Gonzalez establish any, to preemptively review all documents and decide whether they must be produced. The Government has repeatedly confirmed its understanding of the rules of discovery in criminal cases, so this request will be denied.

Gonzalez further asks that the Court order the Government to disclose "evidence of any prior or other alleged acts by defendant Gonzalez which it intends to use at trial either as evidence in its case-in-chief, impeachment evidence, or potential rebuttal evidence." (Motion at 55.) In other words, evidence allowed under Federal Rule of Evidence 404(b). Again, this request is premature. The Government has

10

affirmed that it will provide "reasonable notice" of the use of any such evidence, which is the timeframe required by the Federal Rules of Evidence. Courts in this Circuit routinely deny these motions as premature where the Government represents that it will timely comply with its disclosure obligations. See United States v. Dupigny, 2019 WL 2327697, at *4 (S.D.N.Y. May 30, 2019). Gonzalez's motions to compel discovery are denied as to all requests, and any corresponding requests for evidentiary hearings are denied.

Finally, the Court reminds defense counsel of his obligation to follow Local Criminal Rule 16.1 ("Rule 16.1") and all other local criminal rules. Rule 16.1 requires a party to confer, in a good faith effort to resolve the disagreement without court intervention, with opposing counsel before filing any discovery motions. Defense counsel filed an affidavit stating he engaged in such good faith discussions with the Government, but the Government contends they discussed only a possible disposition and defense counsel never raised discovery issues. The Court will strictly enforce Rule 16.1 going forward in this matter.

C. Motion for Leave to File Further Motions

Gonzalez's final motion is for leave to file further motions in this matter. The Court will consider any motions as they are brought before the Court, but reminds Gonzalez

11

that (1) trial is scheduled to begin in just over a month, and (2) the Court attempted to set a motions schedule in this matter over eight months ago on December 3, 2021. Due to Gonzalez's repeated substitutions of counsel, a motions schedule was never established. Thus, the timeliness of any further motions may be subject to dispute.

## IV. ORDER

Accordingly for the reasons stated above, it is hereby

**ORDERED** that the motion of defendant Mark Gonzalez ("Gonzalez") to dismiss Count 2 of Indictment 21 Crim. 288 (Dkt. No. 70) is DENIED; and it is further

**ORDERED** that Gonzalez's three discovery-related motions are DENIED; and it is further

**ORDERED** that Gonzalez's motion to reopen detention hearings (Dkt. No. 55) is DENIED; and it is further

**ORDERED** that Gonzalez's motion for leave to file further motions is DENIED. The parties are directed to continue preparation for trial, scheduled to begin October 3, 2022. Both parties shall consult and comply with this Court's Trial Procedures, including deadlines for pre-trial filings and conferences. All materials listed in Section I.B of the Court's Trial Procedures shall be due September 6, 2022.

**SO ORDERED.**
Dated: New York, New York
    24  August 2022

Victor Marrero
U.S.D.J.