USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/11/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

             - against -

MARK GONZALEZ,

                       Defendant.

21 CR 288 (VM)

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On October 31, 2023, the Court denied Defendant Mark Gonzalez's first *pro se* motion to withdraw the guilty plea he entered on August 31, 2022. (See Dkt. No. 140 [hereinafter "D&O"]; see also Dkt. No. 132 [hereinafter "First Motion"].) By letter filed on March 4, 2024, Gonzalez renews his request to withdraw his guilty plea. (See Dkt. No. 162 [hereinafter "Second Motion"].)

Because the Court has previously denied Gonzalez's request to withdraw his guilty plea, the Court construes Gonzalez's Second Motion as a motion for reconsideration. See United States v. Bryant, No. 06 Cr. 0017, 2021 WL 22608, at *1 (S.D.N.Y. Jan. 4, 2021); see also United States v. Rosner, No. S3 19 Cr. 0497, 2022 WL 1004569, at *1 (S.D.N.Y. Mar. 30, 2022). "Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions 'have traditionally been allowed within the Second

Circuit.'" Id. (quoting United States v. Yannotti, 457 F. Supp. 2d 385, 388 (S.D.N.Y. 2006)). Accordingly, "courts have applied the applicable civil standard to such motions in criminal cases." Id. (internal quotation marks).

Gonzalez's motion for reconsideration is untimely. Local Civil Rule 6.3 provides that "a notice of motion for reconsideration . . . shall be served within fourteen (14) days after the entry of the Court's determination of the original motion." Although courts may excuse an untimely filing, there generally must be good cause to do so. See Davidson v. Scully, 172 F. Supp. 2d 458, 462-63 (S.D.N.Y. 2001) (excusing untimely filing because defendant was *pro se* and had filed a notice of motion with the clerk in a timely fashion). Critically, *pro se* status will not, on its own, excuse a delay. See Fabricio v. Artus, No. 06 Civ. 2049, 2013 WL 2126120, at *1 (S.D.N.Y. Apr. 18, 2018) (rejecting argument that court should have excused untimely motion because movant was not a lawyer); Grullon v. United States, No. 99 Civ. 1877, 2005 WL 1560479, at *2 (S.D.N.Y. June 28, 2005) ("*Pro se* status does not excuse noncompliance with the Local Rules.").

Here, Gonzalez's Second Motion was signed on February 20, 2024 – nearly four months after the Court's October 31, 2024 D&O. See id. (denying *pro se* motion for reconsideration because motion was nearly three months late). While the Court

2

is mindful of the latitude afforded *pro se* defendants, Gonzalez had abundant time to move for reconsideration of the D&O and offers no explanation to the Court about why such a delay should be excused. See, e.g., United States v. Okparaeke, No. 17 Cr. 0225, 2019 WL 4233427, at *3 (S.D.N.Y. Sept. 6, 2019) (denying *pro se* motion for reconsideration filed five months late, where defendant offered no reason why this delay should have been disregarded). The Court therefore denies the Second Motion as untimely.

Even if the Second Motion was not untimely, Gonzalez nevertheless fails to offer a sufficient basis for this Court to reconsider its prior ruling. "A motion for reconsideration is not intended as 'a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple.'" Bryant, 2021 WL 22608, at *1 (quoting Analytical Surveys, Inc. v. Tonga Partners, L.P., 684 F.3d 36, 52 (2d Cir. 2012)) (ellipses in original). "Indeed, reconsideration is an 'extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources.'" Id. (quoting In re Health Mgmt. Sys. Inc. Sec. Litig., 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "To warrant reconsideration, the moving party bears the heavy burden of showing 'an intervening change of controlling law, the availability of new evidence, or the

3

need to correct a clear error or prevent a manifest injustice.'" Id. (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)).

In short, the Second Motion merely rehashes arguments Gonzalez already raised in his First Motion. In the Second Motion, Gonzalez contends that his guilty plea was involuntary because "my former attorney Troy Archie lied to me which is ineffective assistance of counsel." (Second Motion at 1.) Putting aside the conclusory nature of this argument,[1] the Court already considered and rejected this argument in denying Gonzalez's First Motion – finding no support for Gonzalez's contention that his guilty plea was involuntary because Archie allegedly "induced" him to plead guilty based on false representations. (D&O at 8-9.) Moreover, the Second Motion relies solely on the *same* evidence already offered in support of the First Motion – namely, the same email correspondence between Archie and Gonzalez's subsequent attorney (Richard Palma) and between Archie and a female acquaintance of Gonzalez's. Compare Second Motion at

---

[1] Gonzalez does not explain exactly what in these emails demonstrates that Archie lied to him, nor does he attach a sworn affidavit in support of these allegations as required. See United States v. Padilla, No. 13 Cr. 360, 2014 WL 1621487, at *4 (S.D.N.Y. Apr. 22, 2014) (explaining that a defendant who alleges his guilty plea was involuntary "must present or submit a sworn affidavit from one with personal knowledge of the underlying facts to create a factual dispute requiring a hearing" (internal quotation marks and bracket omitted)).

4

2-5, <u>with</u> First Motion at 21-23. Gonzalez therefore offers nothing more than recycled evidence in support of an argument already rejected by the Court.

Because the Second Motion is untimely – and furthermore, because Gonzalez offers no basis for the Court to reconsider its previous decision – the Court **DENIES** the Second Motion to withdraw his guilty plea. <u>See</u> <u>United States v. Jones</u>, No. 21 Cr. 0059, 2021 WL 4951044, at *2 (S.D.N.Y. Oct. 25, 2021) (denying motion for reconsideration because motion was both untimely and also "point[ed] to no legal reason or controlling decision that would call for reconsideration").

The Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 162. The Clerk of Court is also respectfully directed to mail a copy of this Order to Mark Gonzalez, Register Number 46404-509, MDC Brooklyn, 80 29th Street, Brooklyn, New York 11232.

**SO ORDERED.**

Dated:   11 March 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.