```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/26/2024

UNITED STATES OF AMERICA,

                - against -

MARK GONZALEZ,

                          Defendant.

21 Cr. 288 (VM)

**ORDER**

**VICTOR MARRERO, United States District Judge.**

On April 26, 2024, the Court held an in-person hearing pursuant to Faretta v. California, 422 U.S. 806 (1975), for Defendant Mark Gonzalez ("Gonzalez"), who was present with defense counsel, CJA attorney Yusuf El Ashmawy ("El Ashmawy"), and "standby" counsel, CJA attorney Camille Abate ("Abate"). As explained below, the Court grants EL Ashmawy's request to withdraw as counsel to Gonzalez, grants Gonzalez's request to waive his right to counsel and represent himself *pro se*, and appoints Abate to serve as "standby" counsel for Gonzalez's May 17, 2024 sentencing proceeding (the "May 17 Sentencing").

On August 31, 2022, Mark Gonzalez ("Gonzalez") pleaded guilty to one count of narcotics conspiracy, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). (Dkt. No. 83-1.) Gonzalez is scheduled to be sentenced on May 17, 2024. At Gonzalez's request (Dkt. Nos. 151-52, the Court appointed Yusuf El

Ashmawy ("El Ashmawy") CJA attorney on January 5, 2024, for the sole purpose of representing Gonzalez at sentencing. (Dkt. No. 153.)

On April 14, 2024, El Ashmawy filed a letter requesting permission to withdraw as counsel for Gonzalez. ("Letter," Dkt. No. 170.) El Ashmawy wrote that, earlier that day, Gonzalez "informed me by e-mail that I was 'F.....G FIRED'— all caps, followed by eleven exclamation points (and then repeated for emphasis)." (Letter.) El Ashmawy explained that his "communication with [] Gonzalez has broken down despite [El Ashmawy's] efforts." (Id.) El Ashmawy also noted that Gonzalez "stated he would inform the Court himself" (Id.)

El Ashmawy is just the latest in the long line of defense attorneys that Gonzalez has fired or that have withdrawn under duress. As the Court has noted in previous decisions and orders, there have already been six changes of counsel in this matter, and El Ashmawy is the third CJA attorney the Court has appointed to represent Gonzalez.[1] (See Dkt. No. 140.) Each of the previous defense counsels were either fired by Gonzalez (e.g. Dkt. Nos. 17, 39, 63) or were forced to

---

[1] Before El Ashmawy's appointment as CJA counsel, Gonzalez was represented first by retained attorney Steven Goldman, then by retained attorney Robert De Groot, then by retained attorney David Trouger, then by CJA attorney Megan Wolfe Bennett, then against by De Groot, then by retained attorney Troy Archie, then by CJA attorney Richard Palma, and most recently by CJA attorney El Ashmawy. (See Dkt. No. 136, at 3 n.3.)

2

withdraw as counsel due to intractable conflicts with Gonzalez (e.g. Dkt. No. 129). Indeed, before El Ashmawy's appointment as CJA attorney, Gonzalez was proceeding *pro se* after his previous CJA attorney requested permission in June 2023 to withdraw as counsel, "in considerable frustration." (Id.)

Not surprisingly, Gonzalez's numerous substitutions of counsel have inevitably delayed resolution of his case. Gonzalez's co-defendant Michael Kelleher was sentenced by this Court on July 1, 2022 (Dkt. No. 67), while Gonzalez has still not been sentenced almost a year and eight months since he pleaded guilty on August 31, 2022. Indeed, Gonzalez's request in January 2024 for appointment of counsel to prepare his sentencing submission (see Dkt. No. 152 ("I do not understand how to write a sentencing memorandum. I need an attorney to write this for me.")) - along with Gonzalez's previous request for an extension of time to prepare his sentencing submission (Dkt. Nos. 144-45) - has already delayed his sentencing from January 19, 2024, to May 17, 2024.

In light of these frequent substitutions of counsel, the Court has warned Gonzalez repeatedly that it will not countenance any further delay. In cases where "the court has already replaced counsel more than once, it is reasonable for the court to require an intractable defendant either to

3

proceed with the current appointed lawyer, or to proceed *pro se*." United States v. Culbertson, 670 F.3d 183, 192 (2d Cir. 2012); see United States v. Poupart, 565 F. App'x 53, 55 (2d Cir. 2014). Gonzalez was already on notice that if he fired El Ashmawy he would have to proceed *pro se* and that his sentencing would not be rescheduled. At the hearing appointing El Ashmawy as CJA attorney, the Court warned Gonzalez that if he is not willing to proceed with El Ashmawy as counsel, "the Court will not appoint any other counsel . . . at this stage."[2] (Dkt. No. 160, Hr'g Tr. 5:17-25.) The Court reiterated that warning in an order entered March 11, 2024 – advising Gonzalez that if he chooses to proceed without El Ashmawy as counsel, he will have to proceed *pro se* and that, "[r]egardless" of his choice, "the Court will proceed to sentencing of Gonzalez as scheduled on May 17, 2024." (Dkt. No. 165.)

In light of this history and El Ashmawy's Letter, the Court scheduled a Faretta hearing for April 26, 2024, in order to determine whether Gonzalez indeed wished to fire El Ashmawy as court-appointed counsel. (Dkt. No. 172.)

---

[2] The Court observes it already showed Gonzalez leniency by appointing CJA counsel after telling Gonzalez as far back as June 8, 2022, that no further requests for substitution of counsel would be granted. (See Minute Entry 7/8/22.)

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to self-representation. Faretta, 422 U.S. at 818-21. For a defendant to exercise his constitutional right to proceed *pro se* and waive counsel, the court must determine that the defendant is competent and that the waiver is made voluntarily, as well as "knowingly and intelligently." Id. at 835-36 (citation omitted); see United States v. Culbertson, 670 F.3d 183, 193 (2d Cir. 2012); United States v. Fore, 169 F.3d 104, 108 (2d Cir. 1999).

During the Faretta hearing, the Court observed Gonzalez's behavior, demeanor, and history; verified that he is able to understand, speak, read, and write English, and that he understands the offense to which he pleaded guilty and the possible penalties for that offense at sentencing; and explained to him and confirmed his understanding of his right to counsel and the ramifications of waiving that right to represent himself in this matter; and verified his educational background and employment history. The Court confirmed that Gonzalez understood that, if he chose to represent himself, the Court would not appoint any other counsel at this stage of the proceeding. The Court also confirmed that Gonzalez understood that, regardless of his decision, the May 17 Sentencing would proceed as scheduled,

without any further delays. After the Court's colloquy, Gonzalez confirmed that he still wished to fire El Ashmawy as his counsel and proceed to sentencing *pro se*. At the conclusion of the hearing, the Court found that Gonzalez is competent to waive his Sixth Amendment Right to counsel, and that he does so knowingly, intelligently, voluntarily, and unequivocally.

Based on Gonzalez's answers to the Court's questions and the Courts observations during the hearing, the Court determines that the Gonzalez (1) understands the nature of the proceedings, as well as the offense to which he pleaded guilty and the possible penalties for that offense at sentencing; (2) understands that he has the right to an attorney throughout these proceedings, including at sentencing; (3) has the mental capacity to represent himself at sentencing and is therefore competent to waive his right to counsel; and (4) clearly waives his right to counsel knowingly, intelligently, voluntarily, and unequivocally.

Accordingly, the Court grants CJA attorney Yusuf El Ashmawy's request to withdraw as counsel, grants defendant Mark Gonzalez's request to waive his right to counsel and represent himself at sentencing, appoints CJA attorney Camille Abate as "standby" counsel, and reiterates that the sentencing in this matter shall proceed as scheduled on May

6

17, 2024, at 1:00 p.m. The Court emphasizes to Gonzalez that, as he represents himself, he is required to comport with courtroom protocols and procedure, including the Federal Rules of Criminal Procedure.

The Clerk of Court is respectfully directed to mail a copy of this Order to Mark Gonzalez, Register Number 46404-509, MDC Brooklyn, 80 29th Street, Brooklyn, New York 11232, and to note service on the docket. Lastly, the Clerk of Court is respectfully directed to terminate the motion at Dkt. No. 170.

**SO ORDERED.**

Dated:   26 April 2024
         New York, New York

_____
Victor Marrero
U.S.D.J.