**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/30/24
```

---

UNITED STATES OF AMERICA,

- against -

MARK GONZALEZ,

                    Defendant.

**21 Cr. 288 (VM)**

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

The Court is in receipt of the Government's letter (Dkt. No. 201) responding to the third-party Yahaira Rodriguez's affirmation (Dkt. No. 197) in support of defendant Mark Gonzalez's objection to entry of a forfeiture order in the amount of $5,715, which represents the amount of money seized from the apartment where Gonzalez was arrested during the execution of a May 20, 2021 search warrant. At sentencing, the Court invited Gonzalez or his girlfriend Rodriguez to submit evidence supporting Gonzalez's assertion that the seized money was not his but rather belonged to Rodriguez. (See Dkt. No. 199.) Rodriguez now affirms that the seized money was earned from her employment with the New York City Department of Education ("NYC DOE") and that Gonzalez was not on the lease for her apartment. Nevertheless, for the reasons discussed below, Gonzalez's objection is **DENIED**, and a Preliminary Forfeiture Order shall be entered forthwith.

1

After reviewing the parties' submissions, the Court finds that Gonzalez lacks standing to challenge entry of a forfiture as to him because he disclaimed any ownership interest in the seized money. See United States v. Amiel, 995 F.2d 367, 371 (2d Cir. 1993) ("Only those with legitimate possessory interests have standing to challenge forfeitures."); see also United States v. Collado, No. 14 Cr. 731, 2020 WL 248685, at *2 (S.D.N.Y. Jan. 16, 2020) (finding defendant lacked standing to assert his fiancé's "alleged property rights" in money seized during search of their apartment that was subject to forfeiture).

To the extent that Rodriguez has a legitimate interest in the seized money, she may contest the forfeiture in a separate proceeding pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c). See United States v. Brown, No. 04 Cr. 159, 2006 WL 898043, at *5 (E.D.N.Y. Apr. 4, 2006) ("To the extent [defendant's] wife has a legitimate interest in the property, she is entitled to bring that to the court's attention in a separate proceeding pursuant to 21 U.S.C. § 853."). However, "no party claiming an interest in property subject to forfeiture . . . may intervene in a trial or appeal of a criminal case involving the forfeiture of such property." 21 U.S.C. § 853(k); see Fed. R. Crim. P. 32.2(b)(2)(A) ("The court *must* enter the [preliminary forfeiture] order without

2

regard to any third party's interest in the property."
(emphasis added)). Instead, "[t]he proper course of action
for [Rodriguez] to raise [her] interest in [the] forfeited
property is to petition the [C]ourt for a hearing to
adjudicate the validity of [her] alleged interest in the
property pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P.
32.2(c)." Brown, 2006 WL 898043, at *5 (quotation marks
omitted); see United States v. Meiri, No. 15 Cr. 627, 2024 WL
342491, at *2-3 (S.D.N.Y. Jan. 30, 2024) (describing the
standard governing third-party petitions).

    **FOR THE REASONS STATES ABOVE, IT IS HEREBY**

    **ORDERED** that defendant Mark Gonzalez's objection to
entry of a forfeiture order is **DENIED**; and it is further

    **ORDERED** that a Preliminary Forfeiture Order as to
Gonzalez shall be entered forthwith; and it is further

    **ORDERED** that, should Yahaira Rodriguez still wish to
seek return of the seized money, she shall petition the Court
for an ancillary hearing to adjudicate her interest in the
forfeited property and to amend the Preliminary Forfeiture
Order, pursuant to 21 U.S.C. § 853(n). An example of such a
petition can be found at United States v. Meira, No. 15 Cr.
627 (S.D.N.Y.), ECF No. 439 (Oct. 17, 2018). Rodriguez is
advised to attach to her petition documentation supporting
her assertions. (See Order, Dkt. No. 198 (directing Rodriguez

to provide documentation confirming her employment and salary at NYC DOE and confirming who was on the lease for her apartment during the relevant time period). Rodriguez is further advised that, consistent with 21 U.S.C. § 853(n)(2), any petition must be filed by the deadlines set forth in the Preliminary Forfeiture Order. (See Dkt. No. 185-2, ¶ 7 (providing that any petition must be filed either (1) "within sixty (60) days from the first day of publication of the Notice on [www.forfeiture.gov]," or (2) within "thirty-five (35) days from the mailing of actual notice," whichever is earlier (emphasis added)).); and it is further

**ORDERED** that the Government and/or standby counsel Camille Abate are directed to promptly mail a copy of this Order to Rodriguez at 701 Thieriot Avenue, Bronx, NY 10472, and to provide Gonzalez with a copy of this Order and the Preliminary Forfeiture Order.

**SO ORDERED.**

Dated:    30 August 2024
          New York, New York

                                        _____
                                        Victor Marrero
                                        U.S.D.J.